so submitted is plainly within the bankruptcy jurisdiction. In conformity with the ruling of this court in the Case of H. B. Drayton, Bankrupt, 135 Fed. 883, the referee is invested with such jurisdiction, subject to review, and he rightly overruled the trustee's objection. His order, accordingly, is affirmed.

---

In re ROSE.

(District Court, E. D. Pennsylvania. February 24, 1905.)

No. 1,787.

BANKRUPTCY—GOODS OBTAINED BY FRAUD—EVIDENCE TO WARRANT RECOVERY.

Evidence held insufficient to sustain a petition for the recovery of goods shipped by the petitioner to the bankrupt on the ground that they were obtained by means of a false financial statement, made by the bankrupt to a commercial agency, such statement not being in writing, and being denied by the bankrupt.

In Bankruptcy. On certificate from referee.

Samuel W. Cooper, for claimant.
George W. Carr, for trustee.

HOLLAND, District Judge. The question certified is whether John C. Wilson, trading as John C. Wilson & Co., is entitled to recover certain goods, amounting to the sum of $152, which he alleges were obtained from him by the fraud of the said Rose, now bankrupt. The fraud or false pretense upon which it is alleged the goods were sold and delivered is that on May 14, 1903, Rose is alleged to have stated to the Bradstreet's Mercantile Agency that he had a capital of $2,500, and no borrowed money. Some time in July the petitioner received an order for goods from Rose, and on about the 28th of that month he received a statement from Bradstreet as to his financial standing, which was, in effect, the report above set forth. This report of May 14, 1903, was taken by Bradstreet's agent, written in a book, was not signed by Rose, nor was any written statement given by Rose. Rose denied he ever made it, and the agent was unable to recall anything whatever about it; only the fact that he found this statement in his notes. He was unable even to identify Rose. Dun's report, made on the 29th of May, was to the effect that Rose stated he had "a capital of $2,500, * * * and that he received assistance from outside parties." None of these statements by Rose were in writing, and they are denied by him, and he insists that he stated his exact financial condition at the time these reporters called on him. The merchandise ordered from the petitioner was not shipped until August, and the last consignment arrived in September, and "in August he had written to the petitioner, asking him to delay shipment of the goods because business was dull; but the petitioner wanted to ship right off, because they had some of the stuff ready to ship, and the balance they shipped according to Rose's instructions." At this time

an examination of Rose's books would have shown an indebtedness of $4,300 of borrowed money.

We do not think they have established with sufficient clearness that Rose made a false report to Bradstreet of his financial standing, and therefore sustain the order of the referee dismissing the petition, with costs.

In re GRANT.

(District Court, E. D. Pennsylvania.  March 9, 1905.)

No. 1,953.

BANKRUPTCY—OPPOSITION TO DISCHARGE—ENTRY OF APPEARANCE.
    General Order in Bankruptcy No. 32 (89 Fed. xiii), requiring creditors opposing a discharge to enter an appearance on the return day fixed by the order to show cause, allows a later filing, if at all, only on good cause shown for the delay.

In Bankruptcy.  Refusing to extend time for entering appearance and filing specifications.

Greenwald & Mayer, for bankrupt.

Richard L. Ashhurst and Rowland Evans, for objecting creditor.

HOLLAND, District Judge.  The alleged bankrupt made application on January 26, 1905, for his discharge.  All creditors were notified to show cause, if any they had, against said discharge on February 16, 1905, at 10 o'clock a. m.  On February 27, 1905, the referee issued a certificate of conformity by the bankrupt, and the same day a creditor filed specifications of objections to the bankrupt's discharge; also a petition asking for an extension of time for the purpose of taking further testimony of the bankrupt, and preparing specifications of opposition to his discharge.  No appearance was entered until the latter date, which was 11 days after the day fixed for a hearing on the rule to show cause.  The specifications filed are very general in their terms, and do not set forth any reason specified in the act which would prevent a discharge. General Order No. 32 (89 Fed. xiii) provides:

    "A creditor opposing the application of a bankrupt for his discharge, or for the confirmation of a composition, shall enter his appearance in opposition thereto on the day when the creditors are required to show cause, and shall file a specification in writing of the ground of his opposition within ten days thereafter, unless the time shall be enlarged by special order of the judge."

It will be noted that the requirement to enter an appearance by any creditor in opposition to a discharge "on the day when the creditors are required to show cause" is without qualification as to an extension of time allowed for any reason, and the fact that the power to extend the time in this connection is pointedly omitted, and in the following sentence, as to the filing of specifications, the judge is authorized, in his discretion, to enlarge or extend the time for cause shown, would indicate that the meaning of the order as to the appearance of counsel should invariably be entered not later